UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19- 01198 |
| | ) | |
| $99,490.00 IN UNITED STATES | ) | |
| CURRENCY, More or less, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT FOR FORFEITURE IN REM

Plaintiff, United States of America, by and through its attorneys, Stephen R. McAllister,

United States Attorney for the District of Kansas, and Colin Wood, Special Assistant United States

Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2)

of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1.      This is an action to forfeit and condemn to the use and benefit of the United States

of America the following property: $99,490.00 in U.S. Currency, more or less (hereinafter

"defendant property"), for violations of 21 U.S.C. § 841.

### THE DEFENDANT IN REM

2.      The defendant property consists of: $99,490.00 in United States currency, more or

less, that was seized by the Shawnee County Sheriff on or about May 29, 2019 during a traffic

investigation of a 2017 Chrysler Pacifica driven by Levar Mitchell on I-70 at milepost 346 in

Shawnee County, in the District of Kansas. The currency is currently in the custody of the United States Marshal Service.

## JURISDICTION AND VENUE

3. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendant property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355.

4. This Court has *in rem* jurisdiction over the defendant property under 28 U.S.C. 1355(b). Upon filing this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1), because the acts or omissions giving rise to the forfeiture occurred in this district and/or pursuant to 28 U.S.C. § 1395, because the defendant property is located in this district.

## BASIS FOR FORFEITURE

6. The defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes 1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; and/or 2) proceeds traceable to such an exchange; and/or 3) money, negotiable instruments, and securities used or intended to be used to facilitate a violation of the Controlled Substances Act.

7. Supplemental Rule G(2)(f) requires this complaint to state *sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof*

*at trial.* Such facts and circumstances supporting the seizure and forfeiture of the defendant property are contained in Exhibit A which is attached hereto and incorporated by reference.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff requests that the Court issue a warrant for the arrest of the defendant property; that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in the properties; that the defendant property be forfeited and condemned to the United States of America; that the plaintiff be awarded its costs and disbursements in this action; and for such other and further relief as this Court deems proper and just.

The United States hereby requests that trial of the above entitled matter be held in the City of Wichita, Kansas.

Respectfully submitted,

STEPHEN R. MCALLISTER
United States Attorney

COLIN D. WOOD, #19800
Special Assistant United States Attorney
1200 Epic Center, 301 N. Main
Wichita, Kansas 67202
(316) 269-6481
Fax (316)269-6484

3

## DECLARATION

I, Martin Dye, Task Force Officer with the Drug Enforcement Administration in the District of Kansas.

I have read the contents of the foregoing Complaint for Forfeiture, and the exhibit thereto, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 30th day of ___July___, 2019.

_____
TFO Martin Dye
DEA

4

**AFFIDAVIT**

I, Martin H. Dye, being duly sworn, depose and state as follows:

I am a Detective with the Lafayette County, Missouri, Drug Task Force (LCDTF). I am assigned as a Task Force Officer (TFO) with the Drug Enforcement Administration's (DEA) Kansas City Interdiction Task Force (DEA KCITF). I have been assigned in this capacity since October of 2015. I was previously assigned to the Lafayette County Sheriff's Office (LCSO) from 2005 to 2014.   During my assignment with the LCDTF and my current assignment with DEA, I have participated in numerous investigations of individuals who have violated narcotic laws of the states of Missouri and Kansas, as well as the United States of America. I have received training in the areas of drug interdiction, money laundering, financial investigations and narcotics investigations. This affidavit is submitted in support of a forfeiture proceeding for $99,490.00 in United States currency, more or less.

1.   On May 29, 2019, Shawnee County, Kansas Sheriff's Deputy Brian Rhodd stopped for a traffic violation a 2017 Chrysler Pacifica on I-70 at milepost 346, in Shawnee County, in the District of Kansas. The driver was Levar MITCHELL and the passenger was George MAY. MITCHELL told officers that they were traveling from Akron, Ohio to Tulsa, Oklahoma. MITCHELL had a criminal history involving felony drug violations.

2.   The Chrysler Pacifica had been purchased with an $8,000.00 cash down payment the day before the stop by LaTonya MYERS who was not present at the car stop. MAY told officers that he and MITCHELL were taking the Chrysler to his sister, LaTonya MYERS in Tulsa, Oklahoma. Officers have been unable to contact MYERS.

3.   During the traffic stop, the vehicle was searched. Officers located $99,490.00 in U.S. currency, wrapped in rubber bands, inside of three vacuum-sealed plastic bags. Later, at another location, a certified drug K-9 alerted to the odor of controlled substances coming from the currency.

4.   MITCHELL told officers that the currency belonged to a business partner in Ohio, but MITCHELL refused to provide officers with the owner's contact information.

5.   MAY, an unemployed dishwasher, later changed his story, telling officers that LaTonya MYERS was not his sister, that he did not know LaTonya MYERS, and that MITCHELL had paid him $1,000.00 to ride with MITCHELL to Los Angeles, California to drop off the currency.

6.   Based upon the information set forth herein, I have probable cause to believe that the $99,490.00 in U.S. currency, more or less, constitutes money or other things of value furnished or intended to be furnished in exchange for a controlled substance, or represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate one or more violations of Title 21, U.S.C. 841 el seq.; and is subject to forfeiture pursuant to Title 21, U.S.C. 881.

TFO

Martin H. Dye, TFO
DEA

Subscribed and sworn to before me this 30th day of July, 2019.

NOTARY PUBLIC

My Commission Expires: 4/28/20



**BARBARA McGINNIS**
NOTARY PUBLIC
State of Kansas
My Appt Expires 4/28/20